UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID MICHAEL EVANS                                                                PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:15CV770-DPJ-FKB

MANAGEMENT & TRAINING CORPORATION, ET AL.                          DEFENDANTS

ORDER

This prisoner lawsuit is before the Court on Defendants' Motion for Summary Judgment

[35] pursuant to Federal Rule of Civil Procedure 56 for failure to exhaust administrative

remedies.  Plaintiff David Michael Evans has responded in opposition.  The Court, having

considered the submissions of the parties, finds that Defendants' motion should be denied as to

the federal claims.  As to the state-law claims, the motion is denied without prejudice, so the

parties can address whether the Court should exercise supplemental jurisdiction.

I.        Facts and Procedural History

On December 31, 2013, Evans sustained injuries during a prison riot at Walnut Grove

Correctional Facility, which Defendant Management Training Corporation operates on behalf of

the Mississippi Department of Corrections (MDOC).  Following the incident, Evans received

medical treatment and was transferred to another facility.  In general terms, Evans claims

Defendants' policies and practices subjected him to a "substantial and obviously foreseeable risk

of serious harm and injury."  Am. Compl. [13] at 5.  He asserts a § 1983 claim (Count I), as well

as state-law claims of negligence/gross negligence, negligent hiring and supervision, and breach

of contract (Counts II, III, IV).  *Id.* at 5−7.  As relief, Evans seeks compensatory and punitive

damages.

Defendants seek summary judgment on all claims for failure to exhaust administrative remedies, contending that Evans failed to properly file a complaint under MDOC's Administrative Remedy Program (ARP).  Evans counters that exhaustion was not required.

II.      Summary Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure Rule 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    Analysis

    A.  Federal Claims

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[F]ailure to exhaust is an affirmative defense under the PLRA."  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  And as such, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor."  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

One of those essential elements is the existence of an "available" administrative remedy. Here, Evans contends that no such remedies existed because monetary damages were unavailable; he received adequate medical care; and he was removed from the danger when transferred to another facility.  Pl.'s Mem. [43] at 3–4.  Defendants reject this assertion, arguing that "[e]xhaustion applies to prisoner suits even when the participation in the ARP would be futile." Defs.' Reply [48] at 5.

Defendants' position is correct on some level of generality, but it fails to acknowledge a well-settled exception.  In *Booth v. Churner*, the United States Supreme Court considered "whether an inmate seeking only money damages must complete a prison administrative process *that could provide some sort of relief on the complaint* stated, but no money."  532 U.S. 731, 734 (2001) (emphasis added).  To answer that question, the Court explored what Congress meant when it required exhaustion of "such administrative remedies *as are available*."  42 U.S.C. § 1997e(a) (emphasis added).  The Court observed that "[w]ithout the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the

complaint, leaving the inmate with nothing to exhaust." *Booth*, 532 U.S. at 741 n.4.  But in

Booth's case, the administrative procedures provided the possibility of relief, just not the relief

he sought in his federal lawsuit—money damages.  The Court therefore concluded that dismissal

was appropriate for failure to exhaust.  *Id.* at 741.

The United States Supreme Court revisited this issue last year in *Ross v. Blake*, where the

plaintiff contended that he could not pursue an administrative claim under Maryland law once an

Internal Investigation Unit began an investigation.  136 S. Ct. 1850, 1860 (2016).  Quoting

*Booth*, the Court noted that for exhaustion to apply, "'[s]ome redress for a wrong is presupposed

by the statute's requirement' of an 'available' remedy; 'where the relevant administrative

procedure lacks authority to provide any relief,' the inmate has 'nothing to exhaust.'"  *Id.* at 1859

(quoting *Booth*, 532 U.S. at 736 & n.4).  With that principle in mind, the Court remanded the

case for a ruling on whether, *inter alia*, "Maryland's standard grievance procedures potentially

offer relief to" the plaintiff.  *Id.* at 1862.  If not, then the district court was instructed to "find

(consistent this time with the PLRA) that [plaintiff's] suit may proceed even though he did not

file an ARP complaint."  *Id.*

Thus, "[a]s used in the PLRA, the modifier 'available' requires 'the possibility of some

relief for the action complained of'."  *Rosa v. Littles*, 336 F. App'x 424, 427–28 (5th Cir. 2009)

(quoting *Booth*, 532 U.S. at 738); *see also Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54,

59 (2d Cir. 2015) (same); *Allard v. Anderson*, 260 F. App'x 711, 714–15 (5th Cir. 2007) (holding

that absent any potential relief, "we consider administrative remedies to be unavailable" (citing

*Booth*, 532 U.S. at 736)).

The final question is whether Defendants have met their burden of showing that the ARP

offered Evans such relief.  On this issue, Defendants agree that monetary damages were not

available.  *See generally* Defs.' Reply [48] at 5–8.  Yet they never identify *any* relief Evans could

have received under the ARP.  While it is conceivable that other relief remained available even after the transfer, the Court will not speculate on arguments that have not been advanced. Accordingly, on this record, the Court concludes that Defendants have not met their burden under Rule 56 as to their PLRA-exhaustion argument.

  B. State-law Claims

  Like its federal counterpart, Mississippi Law also demands exhaustion of administrative remedies before an inmate may bring suit for state-law claims.  The issue is whether the state's exhaustion requirement applies to suits brought against private prisons and their employees.

  Section 47-5-803(1) of the Mississippi Code states as follows:

> Upon approval of the administrative review procedure by a federal court as authorized and required by the Civil Rights of Institutionalized Persons Act, and the implementation of the procedure within the department, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may claim to have *against the State of Mississippi, the Department of Corrections or its officials or employees*.

(Emphasis added).  Nowhere within the relevant title or chapter does the Mississippi Code define "officials or employees."  And it is unlikely the legislature considered whether those terms applied to private prisons when it passed section 47-5-803 in 1989, because Mississippi first authorized private prisons in 1992.  *See* 1989 Miss. Laws Ch. 563, § 2; 1992 Miss. Laws Ch. 537, § 1.

  Once the legislature adopted private prisons, it does not appear to have addressed the application of section 47-5-803 to claims against private prisons or their employees.  By contrast, the legislature specifically addressed sovereign immunity, providing that it "shall not apply to the contractor."  Miss. Code. Ann. § 47-5-1219(b); *see also Leavitt v. Carter*, 178 So. 3d 334, 338–39 (Miss. Ct. App. 2012) (holding that private prison and its employees "are not eligible for immunity under the MTCA").  And the legislature further insulated the state from the

5

contractors' acts by providing that "[a]ny suit brought or claim made arising out of any act or omission in the operation of a private facility shall be made or brought against the contractor and not the State of Mississippi." *Id.* at § 47-5-1219.

As for relevant case law, neither the parties, nor the Court, have found any binding authority analyzing whether section 47-5-803 applies to officials and employees of a private prison.  As Defendants note, the Mississippi Court of Appeals applied the exhaustion requirement to claims against private-prison employees in *Leavitt*.  178 So. 3d at 337.  But it does not appear that the court was asked to determine whether such employees should be considered "officials or employees" of the State or the MDOC as that issue is not addressed in the opinion.[1]

All of this raises concern whether the Court should exercise supplemental jurisdiction over the state-law claims.  A district court has discretion to decline supplemental jurisdiction over a state-law claim if "the claim raises a novel or complex issue of state law."  28 U.S.C. § 1367(c)(1).  Courts must consider this provision "as well as the common law factors of judicial economy, convenience, fairness, and comity."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).  Here, the issue is novel and somewhat complex. Moreover, there is a comity argument that the Mississippi Supreme Court should have an opportunity to construe its own statute.  That may be especially true in light of the prevalent use

---

[1] Defendants also cite *Clincy v. Atwood*, 65 So. 3d 327, 333 (Miss. Ct. App. 2011), claiming that the "Mississippi Court of Appeals has held that the ARP applies equally to private prisons as it does to state-run prisons."  Defs.' Reply [48] at 9.  But such a holding is not readily apparent, and in any event, holdings from intermediate state courts are not binding.  *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).

of MDOC's ARP within private prisons and the holdings from Mississippi's intermediate court of appeals.

That said, the Court believes the parties should receive an opportunity to be heard on this issue. Accordingly, the parties will be given an opportunity to submit memoranda of law as to whether the Court should decline to exercise supplemental jurisdiction over Evans's state-law claims. The parties will file their briefs on the same date, and no additional briefing will be allowed absent further Court order. If the Court eventually exercises supplemental jurisdiction, it will require additional briefing on the state exhaustion issue in light of this order. For that reason, Defendants' motion is denied as to the state-law claims, but they will be allowed to renew their motion if appropriate.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome. For the reasons stated, Defendants' motion for summary judgment is denied. The parties shall file supplemental briefs within fifteen (15) days addressing whether the Court should decline to exercise supplemental jurisdiction over the state-law claims. The stay of discovery in this matter remains in place.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE